IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Perry Smith Gallagher, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Van Lott, Inc., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 6:05-0642-RBH-WMC <br><br> **O R D E R** |

      This matter is before the court on the plaintiff's motion to depose defense counsel and their investigators and the plaintiff's motion in limine. In his complaint, the plaintiff alleges that a male co-worker sexually harassed him and that defendant Van Lott, Inc., his former employer, constructively discharged him in violation of Title VII of the Civil Rights Act of 1964, as amended.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

      The motions at issue arise from testimony given by the plaintiff in his deposition. The plaintiff alleged in his complaint that as a result of his treatment by the defendant, he has suffered mental damages, including post-traumatic stress syndrome, which manifests itself in his inability to work, drive, or perform other normal daily functions (pl. dep. 106-107, 112, 143). The plaintiff testified in his deposition on April 26, 2006, that, as a result, his wife and children had left him and had gone to Arizona a week and a half prior to the deposition (pl. dep. 22-23, 144). He further testified that he had not been able to drive since his last day of work with the defendant (pl. dep. 104).

Defense counsel retained a private investigator, Robbie Adams, for the purpose of conducting surveillance of the plaintiff as he went about his daily activities (def. resp. in opp. to m. in limine, Kristine Cato aff. ¶¶ 6, 7). Adams obtained photographs and videotape showing the plaintiff driving his child to school on the morning of April 27, 2006, the day after the plaintiff testified that he could not drive and that his wife had taken his children to Arizona (def. m. for contempt, Robbie Adams aff. ¶¶ 5, 6). Accordingly, the defendant filed a motion to hold the plaintiff in civil and criminal contempt.[1] The plaintiff responded to the motion by arguing that "the only way in which Defendant acquired evidence to support its Contempt Motion was to violate the South Carolina Rules of Professional Responsibility. Defendant's Counsel has engaged in unethical conduct warranting exclusion of Defendant's evidence and an award of attorney's fees and costs to Plaintiff's counsel" (pl. resp. m. for contempt 1). Specifically, the plaintiff contends that the private investigator hired by defense counsel secretly recorded a conversation with the plaintiff, violating the prohibition against contacting represented parties. The plaintiff then filed a motion in limine arguing that all the evidence acquired by the private investigator, which includes affidavits of two witnesses, Tim King and Lisa Jumper; pictures taken by the investigator; videotape taken by the investigator; the investigator's report; the testimony of the defendant's psychiatric expert, Dr. Martin; and the audiotape of the conversation between the investigator and plaintiff, should be excluded from evidence.

Kristine Cato, the defendant's counsel at the time of the surveillance, submitted an affidavit in which she testified that she hired the investigator to conduct surveillance on the plaintiff as he went about his daily activities, that she never instructed or asked the investigator to make audiotape recordings of conversations with the plaintiff,

---

[1] The defendant's motion to hold the plaintiff in contempt will be ruled on in a separate order, and the motion for summary judgment will be addressed in a report and recommendation.

and that the investigator never asked her whether he should make such recordings nor did he tell her he intended to make such recordings (Cato aff. ¶117-12). She found out after the fact that the investigator had approached the plaintiff and engaged him in conversation. As soon as defense counsel received the report and videotape, audiotape, and photographic evidence, the contents were disclosed to the plaintiff's counsel (Cato aff. ¶¶16-19). The transcript of the audiotaped conversation reveals that the private investigator identified himself to the plaintiff as a special needs school teacher interested in buying the plaintiffs truck (def. resp. to m. in limine, ex. 6, audiotape transcription).

*Plaintiff's Motion in Limine*

The plaintiff has filed a motion in limine seeking the exclusion of "all evidence acquired as a result of the secret recording and surveillance." Specifically, the plaintiff seeks the exclusion of all photographic and video images obtained by the investigator; the audiotape; the affidavits of Tim King and Lisa Jumper; the investigator's report; and the testimony of the defendant's expert (pl. m. in limine 2). While the plaintiff apparently contends that the surveillance of the plaintiff was improper, he has cited absolutely no authority for this contention. Oddly, the plaintiff finds fault with the "the purpose of the investigation," which "was to gather evidence to undermine Plaintiff's claim" (pl. m. in limine 1). Ms. Cato, an officer of the court, has submitted an affidavit testifying that she retained the private investigator to conduct surveillance on the plaintiff, but she never discussed the possibility of an audio recording of the plaintiff. While the plaintiff's counsel states emphatically that Ms. Cato "hired, directed and authorized the contact that is clearly unethical," proof of such has not been supplied by the plaintiff (pl. reply m. in limine 1).

> The South Carolina Rules of Professional Conduct provide, in pertinent part:
>
> Rule 4.1: Truthfulness in statements to others
>
> In the course of representing a client a lawyer shall not knowingly:
> (a) make a false statement of material fact or law to a third person; or
> (b) fail to disclose a material fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

SCACR 4.1.

> Rule 4.2: Communication with person represented by counsel
>
> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

SCACR 4.2.

> Rule 5.3: Responsibilities regarding nonlawyer assistants
>
> With respect to a nonlawyer employed or retained by or associated with a lawyer:
> (a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;
> (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and
> (c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:
>> (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or
>> (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be

4

> avoided or mitigated but fails to take reasonable
> remedial action.

SCACR 5.3.

The fact that Ms. Cato hired the private investigator to investigate the plaintiff's claims does not implicate the South Carolina Rules of Professional Responsibility cited by the plaintiff. The plaintiff cites the following excerpt from the investigator's report as proof that counsel "directed the surveillance *and contact with Perry* Gallagher" (pl. reply m. in limine 1) (emphasis added): "Tuesday, March 14, 2006. 17:30. Contacted Kris Cato to advise of findings. Kris advised to try and locate M. Phelps and Perry Gallagher. If located begin visual surveillance . . ." (inv. report 2). Rather than proving the plaintiff's point, it appears to this court that the report supports Ms. Cato's testimony that she hired the investigator to observe the plaintiff, but she did not instruct, advise, or even discuss "contact" with the plaintiff (Cato aff. ¶¶ 7-12).

The plaintiff's arguments center around the audiotape obtained by the private investigator. The defendant argues, "[N]o evidence of Plaintiff's fraud or perjury was obtained through the audiotape" (def. resp. to m. in limine 10). The defendant notes, "Any contact Adams made was related only to identifying Plaintiff as the proper subject of Adams' investigation. Adams and Plaintiff discussed the automobiles that Plaintiff and his neighbor were selling and made small talk about the habits of their children.... At no time did Adams discuss with Plaintiff matters related to this litigation" (def. resp. to m. in limine 8; ex. 6, audiotape transcription). While the Rules of Professional Responsibility were not violated by Ms. Cato, it does appear that the investigator, as an agent of defense counsel, improperly misrepresented himself in communicating with the plaintiff – even though defense counsel did not know of or direct the contact. In fairness to the plaintiff, therefore, the audiotape should be excluded. Importantly, there is no evidence that the affidavits, photographs, videotape, and report that the plaintiff seeks to exclude were based on the

audiotape (def. resp. in opp. to m. in limine 10), and the plaintiff has given no legal or factual basis for excluding those items. Accordingly, the plaintiff's motion in limine is granted as to the audiotape and denied as to the other items.

### *Plaintiff's Motion to Depose Counsel*

The plaintiff has filed a motion seeking to take the deposition of defense counsel Paul Platte and Ms. Cato and investigators Robbie Adams and Scott Hawkins. Specifically, the plaintiff seeks to depose these individuals "regarding when Upstate Investigations was hired, what instructions they were given, whether or not they were responsibly supervised, and how and under what circumstances contact with the plaintiff was made" (pl. m. to depose 1). As discussed above, Ms. Cato, an officer of the court, has submitted an affidavit testifying that she and the investigator never discussed audio recordings. The plaintiff has submitted no evidence and does not even argue that anything in Ms. Cato's affidavit is untrue. Accordingly, there is no basis for the claim that Ms. Cato has violated any ethics rule as the defendant is not prohibited from hiring a private investigator, and defense counsel is not prohibited from communicating with an investigator regarding an ongoing investigation of a plaintiff's claims. Accordingly, the court sees no reason to grant the plaintiff the extraordinary relief the plaintiff is requesting, and the motion is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

November 9, 2006

Greenville, South Carolina